UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MENGHUA WAN, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 13-13088-DJC |
| JEFFREY CRAWFORD, et al., | ) |
| Respondents. | ) |

MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                December 13, 2013

For the reasons stated below, the Court orders that the action be transferred to the United States District Court for the Eastern District of Virginia.

On December 2, 2013, immigration detainee Menghua Wan filed a petition for a writ of habeas corpus in which he seeks immediate release or a bond hearing. He represents that he was ordered removed in March 2001 and that he has been in immigration custody for almost a year at the Farmville Detention Center in Farmville, Virginia. Wan also states that "venue lies in the United States District Court for the Eastern District of Virginia, the judicial district in which petitioner is currently detained." Pet. ¶ 5. The petition has not been served.

Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ of habeas corpus brought a petitioner who is within the court's jurisdiction at the time the petition is filed. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)); see also Padilla, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in

only one district: the district of confinement." Padilla, 542 U.S. at 443.

Here, Wan challenges his present physical confinement in a detention facility within the Eastern District of Virginia. Notwithstanding that Wan's immigration proceedings are before the United States Court of Appeals for the First Circuit, see Wan v. Holder, App. No. 13-1893 (1st Cir.), the Court is without habeas jurisdiction over the present petition because Wan is confined in the Eastern District of Virginia.

Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . . " 28 U.S.C. § 1631 (emphasis added). Because Wan has been in immigration detention for almost a year, the Court finds that it is in the interests of justice to transfer this case to the Eastern District of Virginia. The Court notes that Wan has already filed a habeas petition in that court that is almost identical to the one filed in this Court, and that the respondents have been ordered to respond to the petition. See Wan v. Crawford, C.A. No. 13-01473 (E.D. Va.). The Court will nonetheless transfer this largely duplicative action because it appears that Wan filed in this Court exhibits that he did not submit with the petition filed in the Eastern District of Virginia.

Accordingly, the Court orders that this action be transferred to the United States District Court for the Eastern District of Virginia. The Clerk shall effect the transfer.

**So ordered.**

                                                    /s/ Denise J. Casper
                                                    United States District Judge